THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. GONZALO RAMOS GONZÁLEZ, Defendant and Appellant.

No. 11749.   Argued February 12, 1947.—Decided March 13, 1947.

Juan Figueroa Rivera for appellant.   Luis Negrón Fernández, Acting Attorney General, for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant was charged with, and convicted of, a violation of Act No. 31 of May 3, 1943 (Laws of 1943, p. 82), "in that he, being the owner of a commercial establishment (cafetín) . . ., had failed to post for public notice the price schedule of the products kept there, knowing that he was bound to post said maximum price schedule in accordance with the requirements of the O.P.A."

On the same day another complaint was filed against said defendant-appellant for another violation of the above-

cited Act, which consisted in having permitted "his brother Manuel Ramos to sell two small bottles of India Beer, to Pedro Casanova, of Cataño, and to charge him 40 cents for them, knowing that the selling price stipulated by the O.P.A. was 15 cents for each bottle."

After the two cases had been jointly tried, the District Court of Bayamón found the defendant guilty of both violations, sentencing him to pay a fine of $50 for the first and to a term of two months in jail for the second. The present appeal has been taken from both sentences, and it is urged as an only assignment that the trial court erred in weighing the evidence in both cases.

█ The evidence as to the first alleged violation is conflicting. That introduced by the district attorney, to which the lower court gave credit, is in our judgment sufficient to sustain the charge made against the appellant that he, on the day of the occurrence, had failed to post for public notice the maximum price schedule approved by the O.P.A. The sentence imposed on appellant for this violation should be affirmed.

█ The evidence presented by the district attorney to support the charge that the defendant through his brother sold two bottles of beer at a price higher than that authorized by the O.P.A. is sufficient. The evidence for the prosecution tended to prove that the beer had been sold in petitioner's establishment at the price of 20 cents a bottle, and that the customers consumed the beer while they stood in front of the bar there and drank it directly from the bottle, without the establishment furnishing any service to them.

The defense introduced evidence tending to show that the beer had been sold and served to the customers, not at the establishment's bar or counter, but in one of its booths (*reservados*); and that the beer had been served to them cold and in glasses. The defendant alleged that the O.P.A. authorized the price of 20 cents per bottle when the beer was served in glasses and in the establishment's booths; and 15 cents

per bottle when the establishment did not furnish any service. As it may be seen, the evidence is conflicting and we can not say that the lower court erred in deciding the conflict against the defendant, inasmuch as the evidence believed by the court is sufficient to prove that the beer was sold and consumed at the bar, without the establishment furnishing any service to the customers.

The lower court did not err in finding the defendant guilty. However, taking into consideration the special circumstances of this case, we think that the sentence of two months' imprisonment in jail is excessive and should be modified in the sense of sentencing the defendant to a fine of $50 and, in default of such payment, to be confined in jail one day for each dollar left unpaid.

For the reasons stated the judgment appealed from, rendered by the District Court of Bayamón in criminal case No. 7522 thereof is affirmed.

The judgment rendered in criminal case No. 7523 of said court, dated August 23, 1946, as modified in the indicated sense, is affirmed.